No. 05-112

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 342N

SKYLOR J. STRASH,

        Petitioner and Appellant,

   v.

CITY OF KALISPELL; STATE OF
MONTANA, DEPARTMENT OF
JUSTICE, MOTOR VEHICLE DIVISION,

        Defendants and Respondents.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV 2004-666A,
                Honorable Ted O. Lympus, Presiding Judges

COUNSEL OF RECORD:

        For Appellant:

           Skylor J. Strash, Pro Se, Kalispell, Montana

        For Respondent:

           Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant
           Attorney General, Helena, Montana

           Charles Harball, City Attorney; Richard M. Hickel, Deputy City
           Attorney, Kalispell, Montana

Submitted on Briefs:  September 28, 2005

Decided:  December 28, 2005

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Petitioner Skylor J. Strash appeals from the order of the District Court denying his petition for reinstatement of his driver's license.  We affirm.

¶3    In the early morning of September 11, 2004, Kalispell Police Department Officer Steve Hoover investigated a one-vehicle crash involving a Dodge Neon.  On arrival, Officer Hoover observed the car, badly damaged, on the side of the road, and determined that the car had collided with a tree sometime around 4:00 a.m.  Petitioner Skylor J. Strash (Strash) was on the scene at Officer Hoover's arrival, and Hoover questioned him regarding the incident.  During the questioning, Strash admitted to being the driver of the Dodge Neon.  At that time, Hoover observed that Strash had bloodshot and glassy eyes, and also that Strash smelled of alcohol.

¶4    Due to injuries sustained in the accident, Hoover escorted Strash to the hospital, where Strash consented to a preliminary breath test.  The test resulted in a reading of .10, or .02 over the limit.  Subsequently, Hoover requested Strash's consent to a blood test, and Strash refused.

2

¶5    Section 61-8-402, MCA, authorizes peace officers to administer tests of a person's blood or breath "for the purpose of determining any measured amount or detected presence of alcohol or drugs . . . ." Section 61-8-402(1), MCA. Furthermore,

> (2)(a) The test or tests must be administered at the direction of a peace officer when:
> (i) the officer has reasonable grounds to believe that the person has been driving or has been in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol . . . .

Section 61-8-402(2)(a), MCA. Finally, "[t]he arresting or investigating officer may designate which test or tests are administered." Section 61-8-402(2)(b), MCA.

¶6    If a driver suspected of being under the influence of alcohol refuses to submit to blood or breath tests requested by an officer, that person's driver's license must be seized and suspended by the State pursuant to § 61-8-402(4), MCA. While a license's suspension under that statute may be challenged at a hearing in district court, challengeable issues are limited to those listed in § 61-8-403(4)(a), MCA, including whether,

> (i) a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol . . . .

Section 61-8-403(4)(a)(i), MCA.

¶7    The only issue before the District Court here was whether Officer Hoover had reasonable grounds to believe that Strash had been under the influence of alcohol when he crashed the Dodge Neon. The District Court determined that reasonable grounds were present, and the evidence strongly supports that conclusion. Strash admitted on the scene

3

that he had been the driver of the crashed Dodge, Hoover smelled alcohol on Strash's person, and Hoover determined that Strash's eyes were bloodshot and glassy.

¶8    After review, we believe that it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9    As we noted in *Bush v. Department of Justice*, 1998 MT 270, 291 Mont. 359, 968 P.2d 716, "the standard for finding 'reasonable grounds,' under § 61-8-403(4)(a)(i), MCA, is identical to the standard for finding a 'particularized suspicion' . . . ." *Bush*, ¶ 10. Furthermore,

> [t]he gravamen of the particularized suspicion standard is that the totality of the circumstances confronting the officer at the time of the investigative stop must give rise to a particularized and objective basis for suspecting criminal activity.

*State v. Van Kirk*, 2001 MT 184, ¶ 15, 306 Mont. 215, ¶ 15, 32 P.3d 735, ¶ 15.

¶10   Here, the totality of the circumstances support the District Court's conclusion that Officer Hoover had reasonable grounds to believe that Strash had been driving under the influence of alcohol on the morning of September 11, 2004. Therefore, that court properly denied Strash's petition to reinstate his driver's license.

4

¶11    Affirmed.

                                                    /S/ JIM RICE

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER